UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In the Matter of:

BO MATTHEWS CENTER OF EXCELLENCE

Case No. 21-81371-CRJ-R
Chapter 7

## RESPONSE TO PETITIONERS' MOTION FOR CLARIFICATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

COMES NOW the Bo Matthews Center of Excellence ("BMCE"), and responds to Petitioners' Motion for Clarification of Automatic Stay Pursuant to 11 U.S.C. § 362:

1. Petitioner's motion for clarification should be denied because this involuntary bankruptcy was filed for an improper purpose, without any legitimate basis, and is due to be dismissed for the reasons explained in BMCE's pending Motion to Dismiss. Dismissal of this involuntary bankruptcy would render Petitioners' pending motions moot.

2. Petitioners' motion for clarification grossly misinterprets the automatic stay provided under 11 U.S.C. § 362. To be clear, it is not BMCE's position that the filing of an involuntary bankruptcy does not result in an automatic stay of claims against BCME. However, what Petitioners fail to grasp is that neither the filing of an involuntary bankruptcy, nor the resulting automatic stay, precludes BMCE or its

1

representatives from continuing to prosecute an unlawful detainer claim that was filed prior to the commencement of the bankruptcy.

3. In general, the mere filing of an involuntary bankruptcy does not preclude the alleged debtor from doing anything. This is made clear in the involuntary bankruptcy statute, which states: "Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property <u>as if an involuntary case concerning the debtor had not been commenced.</u>" 11 U.S.C. § 303(f) (emphasis added). Here, the Court has not entered any order precluding BMCE or its representatives from doing anything (nor should the Court enter any such order in this improperly filed case). Accordingly, the statute makes clear BMCE may "continue to operate" and "may continue to use, acquire, or dispose of property" as if an involuntary case had not been commenced. *Id.*

4. It is absolutely true that the filing of an involuntary bankruptcy generally results in an automatic stay of claims "<u>against the debtor</u> that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (emphasis added). But, as is made clear in the statute itself, the automatic stay (whether from a voluntary bankruptcy or an involuntary one) only applies to claims "against the debtor." *Id.* Conversely, it is well-established that the automatic stay does <u>not</u> apply

2

to claims brought by or on behalf of the debtor prior to the commencement of the bankruptcy. *Crosby v. Monroe Cnty.,* 394 F.3d 1328, 1331 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); *Thomas v. Blue Cross & Blue Shield Ass'n*, 333 F. App'x 414, 420 (11th Cir. 2009) ("Under the plain language of the statute, Jemsek's counterclaims against Blue Cross are not 'against the debtor,' and thus were not subject to the automatic stay."); and *Bettis v. RoundPoint Mortg. Co.*, No. CV 19-0699-WS-N, 2019 WL 5598319, at *2 (S.D. Ala. Oct. 30, 2019) ("It is well settled that the automatic stay in bankruptcy does not operate to stay litigation initiated by a debtor.").

5. Here, what Petitioners seek to stay is not a claim "against the debtor"; rather, Petitioners seek to stay an unlawful detainer claim brought by Bo Matthews <u>against Petitioners</u> to recover possession of non-residential property owned by the Bo Matthews Center of Excellence. As a matter of law, the automatic stay does not apply to that claim.

6. Petitioners also fail to recognize that there are exceptions to the automatic stay. In particular, 11 U.S.C. § 362(b) states: "The filing of a petition … does not operate as a stay … (10) … any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to

3

Case 21-81371-CRJ7    Doc 23    Filed 08/25/21    Entered 08/25/21 16:18:10    Desc Main
Document    Page 3 of 5

obtain possession of such property ….." In the present case, Mr. Matthews filed a claim to recover possession of the non-residential property, on behalf of BMCE, based upon the expiration of Petitioners' lease prior to the filing of their petition. (*See* Motion to Dismiss, Exhibit 10). Petitioners' filing of this involuntary bankruptcy did not result in a stay of that claim against Petitioners.

7. Ultimately, Petitioners' motion cites no statute, caselaw, or other legal authority supporting their argument that Mr. Matthews or BMCE are stayed from pursuing any claim for relief against Petitioners. Petitioner's motion should be denied, and this case should be dismissed.

Respectfully submitted this 25th day of August, 2021.

By: /s/ S. Dagnal Rowe, Sr.
S. Dagnal Rowe, Sr.
ASB-4298-E66S

S. Dagnal Rowe, Sr.
Richard J.R. Raleigh, Jr.
Christopher L. Lockwood
*Counsel for The Bo Matthews Center of Excellence*

WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
(256) 533-0202 – Telephone
(256) 533-0302 – Facsimile
drowe@wilmerlee.com
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ S. Dagnal Rowe, Sr.
OF COUNSEL