# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of:** <br><br> **BO MATTHEWS CENTER OF EXCELLENCE** | Case No. 21-81371-CRJ-R <br> Chapter 7 |

## RESPONSE TO PETITIONERS' MOTION FOR APPOINTMENT OF INTERIM TRUSTEE

COMES NOW the Bo Matthews Center of Excellence ("BMCE"), and responds to Petitioners' Motion for Appointment of Interim Trustee:

1. Petitioner's motion for appointment of an interim trustee should be denied because this involuntary bankruptcy was filed for an improper purpose, without any legitimate basis, and is due to be dismissed for the reasons explained in BMCE's pending Motion to Dismiss. Because the bankruptcy is due to be dismissed, there is no reason to appoint a trustee or an interim trustee. Dismissal of this involuntary bankruptcy would render Petitioners' pending motions moot.

2. Appointment of an interim trustee is "extraordinary remedy." *See* In re Antonini, No. 09-16850-BKC-AJC, 2011 WL 5593157, at *3 (Bankr. S.D. Fla. Oct. 26, 2011)*In re Stillwater Asset Backed Offshore Fund Ltd.*, 485 B.R. 498, 509 (Bankr. S.D.N.Y. 2013) "In any involuntary liquidation case, the ultimate decision that the debtor retain the management and control of property and the payment of debts or that these functions be taken over by a liquidating trustee constitutes a life

1

or death decision on the present financial life of the debtor, and a decision on the appointment of an interim trustee cannot be divorced from the impending decision on that question." *In re Rush*, 10 B.R. 518, 524 (Bankr. N.D. Ala. 1980). "[T]he disruption to the financial life of a debtor by the appointment of an interim trustee could well leave the financial life of the debtor scarred and crippled beyond any real chance for recovery, although the debtor were victorious in resisting the involuntary petition." *Id.*

3. Petitioners' motion makes allegations which are entirely unsupported by any testimony, evidence, or supporting documentation. Such unsupported assertions hardly warrant the extraordinary remedy of appointing an interim trustee. *See In re Diamondhead Casino Corp.,* 540 B.R. 499, 507 (Bankr. D. Del. 2015) ("I find that the Petitioning Creditors have not met their burden to show that the extraordinary relief of an interim trustee during the gap period is appropriate.").

4. Further, a motion for appointment of an interim trustee under Rule 2001 requires the movant to provide a bond. Specifically, Rule 2001(b) states: "An interim trustee may not be appointed under this rule unless the movant furnishes a bond in an amount approved by the court, conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under §303(i) of the Code." The Court should not appoint an interim trustee and should instead in dismiss this

2

matter. However, if the Court for some reason decides to appoint an interim trustee, the Court should not do so without requiring a substantial bond from Petitioners.

Respectfully submitted this 25th day of August, 2021.

By: /s/ S. Dagnal Rowe, Sr.
S. Dagnal Rowe, Sr.
ASB-4298-E66S

S. Dagnal Rowe, Sr.
Richard J.R. Raleigh, Jr.
Christopher L. Lockwood
*Counsel for The Bo Matthews Center of Excellence*

WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, Alabama 35801
(256) 533-0202 – Telephone
(256) 533-0302 – Facsimile
drowe@wilmerlee.com
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ S. Dagnal Rowe, Sr.
OF COUNSEL

3

Case 21-81371-CRJ7    Doc 24    Filed 08/25/21    Entered 08/25/21 16:19:49    Desc Main
Document    Page 3 of 3